IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON ALTHEIDE,

        Plaintiff,　　　　　　　　　　No. 2: 12-cv-2157 KJN P

    vs.

BOARD OF PRISON TERMS, et al.,

        Defendants.　　　　　　　　　ORDER

_____/

        Plaintiff, proceeding without counsel, has filed this civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that plaintiff is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        Plaintiff appears to challenges his designation as a mentally disordered offender ("MDO") by the Board of Prison Hearings and his commitment to the Department of Mental Health for treatment pursuant to California Penal Code § 2462.  Plaintiff argues that there was "no lawful application" of § 2462 and that he has been falsely imprisoned.  As relief, plaintiff seeks money damages and a declaration that his confinement is invalid.

////

Under Heck v. Humphrey, 512 U.S. 477, 468-87 (1994), if a judgment in favor of a plaintiff in a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the underlying conviction or sentence already has been invalidated. The Supreme Court has applied the Heck doctrine to prison disciplinary proceedings, finding that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81–82, (2005)

Plaintiff is challenging the validity of his involuntary civil commitment. See People v. Allen, 42 Cal.4th 91, 97-98 (2007). The Ninth Circuit has held that Heck applies in the context of civil commitment proceedings. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140-41 (9th Cir. 2005). Accordingly, plaintiff's claims for damages are barred by Heck.

To the extent plaintiff seeks release from the Department of Mental Health, his claims should be raised in a habeas corpus petition. For this reason, this action is construed as a petition for writ of habeas corpus. Plaintiff's complaint is dismissed with leave to file a habeas corpus petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

2. Plaintiff's application to proceed in forma pauperis is granted;

3. The complaint is dismissed with thirty days to file a petition for writ of habeas corpus; failure to file a petition within that time will result in dismissal of this action;

////

////

////

4. The Clerk of the Court is directed to send petitioner a form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: October 16, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

al2157.100